[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Plaintiff commenced this action pro se by complaint dated April 24, 1995, against Natalie Schulman and Matthew Borelli, employees of the West Hartford Board of Education alleging an appeal from a prior action for unlawful termination of plaintiff's employment by the Board of Education, pending in the Appellate Court.
Interspersed among the numerous allegations is a claim that defendant Schulman assaulted and battered plaintiff in a West Hartford grocery store on December 14, 1994. Plaintiff alleges that she suffered a severe headache on April 22, 1995 which required her to be driven to a hospital by a neighbor.
The only reference to defendant Borelli is the following sentence: "Ms. Schulman admitted that the fraudulent allegations re plaintiff's comportment on January 17, 1991 were initiated by Matthew Borelli, Assistant Superintendent of Schools then and now".
On May 23, 1995, plaintiff filed an amended complaint naming as defendants four additional employees of the West Hartford Board of Education, namely Paul Berkel, Constance Beaudry, Lloyd Calvert and James J. Moore, and alleging the "culpability of all six defendants in the complicitous and prevaricative malfeasance which culminated in the wrongful termination of plaintiff's twenty-year tenured teacher contract by West Hartford Board of Education." Plaintiff's prayer for relief seeks reinstatement of her position, lost wages, costs, attorneys' fees, an injunction and such other relief as may be just and proper.
On June 22, 1995, the named defendants moved to strike the amended complaint on various grounds. Plaintiff filed a voluminous "rebuttal" dated June 29, 1995, outlining each of the defendants' roles in the alleged wrongful termination as well as a claim that she received a CT-scan at UCONN Health Center emergency room as a result of the alleged battery.
At the oral argument at short calendar on July 10, 1995, plaintiff pro se admitted that the unlawful termination claims in this case were essentially extensions of the claims she had made in her previous actions now on appeal in the Appellate Court and in a separate action in the District Court. This court orally permitted plaintiff to file a clarifying amendment, particularly as to her claim against defendant Schulman based on the alleged assault and battery in order to include a claim for damages as a CT Page 9126 result of such assault. No objection was made by Defendant's counsel.
On July 18, plaintiff filed a voluminous "amended complaint seeking damages" which again refers mainly to the unlawful termination but also contains a medical report and a summary of medical charges totalling $1,657.46. In the amended complaint seeking damages, plaintiff alleges that the instant case is a contract action pursuant to defendants' violation of the Teacher Tenure Act and that it is "indeed pendent upon her two Appellate Court lis pendens." Interspersed among the various claims on page two is a reference to her "prayer for award of damages" and a statement that "the physical assault/battery committed by defendant Schulman on 14 December 1994 serves the metaphorical linchpin or ligature of the sextet's guilt."
Defendants' motion to strike is granted with respect to defendants Borelli, Berkel, Beaudry, Calvert and Moore, since the only allegations against them sound in unlawful termination which are insufficient at law since this claim was addressed in a prior action in this court which was appealed. (Searles v. WestHartford Board of Education, No. 38 40 53, Appellate Court AC 13880).
Defendants' motion to strike is denied as to the claim against defendant Schulman based on the alleged assault and battery, since it is possible to ascertain a sufficient claim at law from the various complaints and amendments filed by this prose plaintiff, although this claim will probably have to be restated and re-organized in order for an answer or other pleading to be filed.
Wagner, J.